GIUSEPPE SOZIO AND GIOVANNI GASPARINI, PLAINT-
IFFS IN ERROR, v. VINCENZO GIULIANO, DEFENDANT
IN ERROR.

Submitted March 25, 1907—Decided June 17, 1907.

Whenever the order of the Court of Common Pleas, in a proceeding
under the act entitled "An act for the relief of persons impris-
oned on civil process" (*Gen. Stat., p.* 1726), amounts to a re-
fusal to discharge the debtor, by the dismissal of his petition or
otherwise, he must, "immediately thereafter," surrender himself
into the custody of the sheriff or keeper of the common jail, to
prevent a breach of the condition of his bond given under the
statute. No order of the court remanding the defendant into such
custody, and his refusal to obey the same, is necessary to consti-
tute such a breach.

On error to the Supreme Court.

For the plaintiffs in error, *James M. Trimble.*

For the defendant in error, *Hugh B. Reed.*

The opinion of the court was delivered by

FORT, J.   The defendant was arrested in a civil action for
fraudulently contracting a debt.   He petitioned the court for
the benefit of the "Act for the relief of persons imprisoned
on civil process" (Revision), approved March 27th, 1874.
*Gen. Stat., p.* 1726.

On this first application, which was formal and heard by
the court without a jury, a discharge was refused and an order
made remanding the defendant.   The defendant thereupon
surrendered himself to the sheriff.

After his return to the county jail he again made applica-
tion to the Court of Common Pleas for his discharge, and
gave the bond under the act, which is here in suit.

In this suit the Pleas held that a second application for
discharge, under the fifteenth section of the act above cited,
could not be made in a case where the first application had

been heard by the court, without a jury, and that application refused. On review, this ruling of the Common Pleas was reversed by the Supreme Court. *Sozio* v. *Essex Pleas, ante* p. 63.

The order of the Common Pleas on the second application, after reciting the facts, was "that the said application of the said Giuseppe Sozio for hearing on his said petition be dismissed."

We think this order was a determination by that court of this proceeding, and was a refusal to discharge the petitioner thereon.

The condition of the bond given on the second application, being the bond in suit, was this:

"Now, therefore, if the said Giuseppe Sozio shall appear before the next Court of Common Pleas, to be holden in the county aforesaid, and petition said court for the benefit of the insolvent laws of this state, and shall in all things comply with the requirements of the said insolvent laws, and shall appear in person at every subsequent court until *he shall be duly discharged as an insolvent debtor, and if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of said county,* there to remain until discharged by due course of law, then this obligation to be void, otherwise to remain in force."

This condition is in the language of the statute. *Gen. Stat., p.* 1727, § 2.

It was not disputed at the trial that the defendant, after the order of the Pleas dismissing his petition, did not, immediately thereafter, nor at any time thence hitherto, surrender himself to the sheriff or keeper of the jail of the county of Essex, as required by the condition of his bond.

The contention is that there was no order remanding the defendant after the Common Pleas dismissed his second petition.

It is a sufficient answer to this suggestion to point out the fact that to forfeit the bond no such order is required by its condition, nor by any provision of the statute.

The proceeding under the act in question for relief of persons imprisoned on civil process is a voluntary one, and if a person applying under it give bond and be discharged from custody, and his petition to be discharged from the debt on assignment of all his property is denied, there is no need for an order remanding him. He need not be remanded. It is for him to elect to surrender after such refusal, or to pay the debt, or leave it to the creditor to prosecute his action on the bond to recover the debt because of his failure or refusal to so surrender. Whenever, therefore, the order of the court amounts to a refusal to discharge, by the dismissal of his petition or otherwise, the debtor must "immediately thereafter" surrender himself into the custody of the sheriff or keeper of the common jail.

That was the condition of the bond sued upon in this case, and the statute says: "In case of the forfeiture of the said bond by breach of any condition therein, the plaintiff, his executors or administrators, may bring an action thereon, and recover the debt, damages and costs due from the person or persons so arrested." *Gen. Stat., p.* 1727, § 2.

The court refused to nonsuit or to direct for the defendant, and directed a verdict for the plaintiff for the debt proven. In all this the court was right.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    14.

*For reversal*—None.